# EXHIBIT B

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------x
JOHN McCORMACK, MARK LINGL & RON
SHELTON, ON BEHALF OF A CLASS OF
SIMILARLY-SITUATED IBM EMPLOYEES
AND FORMER EMPLOYEES,

                      Plaintiffs,       CLASS ACTION
                                        COMPLAINT
vs.

IBM,
                                        JUDGE KARAS
                      Defendant.
---------------------------------------x
```

 

14 CV 3242

Plaintiffs, JOHN McCORMACK, MARK LINGL, RON SHELTON, ON BEHALF OF A CLASS OF SIMILARLY-SITUATED IBM EMPLOYEES AND FORMER EMPLOYEES, and through their counsel, Michael H. Sussman, Esq., hereby allege as follows:

I. **INTRODUCTION**

1. This is a case of age discrimination against IBM based upon notorious and open practices which disfavor older workers and favor, explicitly, younger members of the labor market.

2. Plaintiffs are each older members of the work force who have been involuntarily separated from IBM at the same time the company is exclusively recruiting younger workers for positions they are qualified to fill.

II. **PARTIES**

3. John McCormack is a former employee of IBM who was laid off in December 2013.

4. Mr. McCormack was born on September 25, 1967 and is 46 years of age and he resides within this judicial district.

5. Plaintiff Ron Shelton is a former IBM employee who was laid off in July 2013.

6. Mr. Shelton was born on July 14, 1964 and is 49 years of age.

7. Mr. Shelton resides in Riverview, Florida and worked from his home and from an office in Tampa.

8. Plaintiff Mark A. Lingl is a former IBM employee who was terminated from his position as an Advanced IT Specialist effective July 12, 2013.

9. Mr. Lingl's last place of employment for IBM was 3031 North Rocky Point Dr., West Tampa, Florida 33607.

10. Mr. Lingl resides in Ponte Vedra Beach, Florida and his date of birth is March 16, 1956, making his 58 years of age.

III. **JURISDICTION**

11. As plaintiffs have timely filed charges of employment discrimination with the EEOC and received right to sue letters, this Honorable Court has jurisdiction over this cause pursuant to 42 U.S.C. 1331 & secs. 1343 (3 ) & (4), as well as ther Age Discrimination Act.

IV. **FACTUAL ALLEGATIONS**

12. In 2013, IBM adopted and publizied a corporate policy of advertising for vacancies in a manner directed to, and only to, young, recent college graduates.

13. Such advertisements were nationwide in scope and reflected a like policy to discriminate against older workers and to exclude them from consideration from a whole range of jobs for which many would qualify.

14. Before his termination, plaintiff McCormack worked at the IBM Semiconductor Manufacturing Facility at 2070 Route 52, Hopewell Junction, NY 12533.

15. After being advised several months before his termination that he would be laid off in December 2013, McCormack searched for and identified at least fifteen internal positions at IBM.

16. When he applied for these positions, he was denied every one of them.

17. IBM managers and supervisors told Mr. McCormack that these positions had been targeted for young persons who had graduated college in 2012 or 2013.

18. Though 46 years of age, McCormack responded that he was a recent college graduate [2012], but this did not change anything and he still received no offers for an internal transfer.

19. Although he had the qualifications and technical skills to successfully fill many of these positions, IBM uniformly rejected McCormack for these positions without particularized consideration on the basis of his age.

20. IBM's policy to hire young college graduates is the proximate cause of McCormack's injuries.

21. IBM hired Mr. Shelton as a Technical Solutions Architect on September 12, 2011.

22. Mr. Shelton satisfactorily performed the duties assigned to him and was, nonetheless terminated effective July 12, 2013.

23. Mr. Shelton qualifies for other positions which IBM has advertised since his termination, but was never offered a chance to compete for these

positions because he was not a "recent" college graduate.

24. Mr. Lingl worked for IBM most recently since October 16, 2006 and before the between June 1, 1998 and June 28, 2002, when he was initially laid off.

25. Mr. Lingl's employment was terminated by a notice received from his supervisor Dawn Mack, who was stationed in Albany, New York.

26. At the time of their lay-offs, neither Shelton nor Lingl was aware that IBM intended to hire a large number of recent college graduates to fill jobs they could have filled.

27. Rather, IBM advised them and other similarly-situated workers that it was cutting its work force, they were casualties of that reduction in force and defendant had no other work opportunities for them.

28. In fact, in 2013, IBM cut its older work force and then implemented a nation-wide advertising

campaign to replace older workers with recent college graduates.

29. IBM did then implement this campaign, explicitly based on its expressed desire to hire younger workers, recent graduates.

30. Said campaign was not informed by the specific and relative qualifications of current employees like plaintiffs or those IBM intended to hire in their stead.

31. As part of the RIF process, IBM offered plaintiffs Shelton and Lingl severance packages which they could access only if they signed General Releases freeing the employer for liability for, *inter alia*, age discrimination.

32. IBM offered said severance packages fraud-ulently and in bad faith as the premise of the offer was the claim that the company was engaging in a nationwide RIF, not that the company was purging older employees and replacing them in a whole range of jobs with college graduates from 2012 or 2013.

33. IBM initiated the afore-cited advertisement campaign after RIFFING its older workers and gaining their assent to the same through the signing of general releases and the payment of severance benefits.

34. Plaintiffs Shelton and Lingl would never have signed such general releases or accepted said severance payments had they known that IBM intended to replace them with recent college graduates in a practice which so plainly reflected age discrimination.

35. As these plaintiffs' general releases were secured in bad faith and as part of a practice which explicitly discriminated against current employees on the basis of their age, the general releases should be set aside and given no force and effect as violative of public policy and offered in furtherance of a then unknown, but extant, scheme to rid IBM of "older workers."

36. Plaintiffs and those they seek to represent were satisfactorily performing their duties and responsibilities and terminated from employment on account of their ages only to be replaced in function by younger workers.  Their termination occurred proximate in time to respondent launching a nationwide hiring campaign directed at recent college graduates, i.e., predictably younger workers.  And, the positions these recent hires have filed were not available or accessible to plaintiffs parties or those similarly situated workers they seek to represent by dint of and only by dint of their ages.

37.   Plaintiffs are proper representatives of a class pursuant to F.R.Civ.P. 23(c)(2) and (b)(3).

38.   Plaintiffs present claims which are common and typical to thousands of workers around the United States, meeting both the commonality and numerosity requirement set by F.R.Civ.P. 23(a)(1)-(3).

39.   The issue plaintiffs raises explains the termination of thousands of IBM workers whose rights

have been blatantly violated both by their age-dictated terminations and the defendant's unwillingness to allow them to laterally transfer to positions for which they have all necessary qualifications.

40. Plaintiffs are prepared to adequately represent the interests of the class.

41. Plaintiffs have selected class counsel who has successfully prosecuted other class actions in discrimination cases and is qualified to handle this complex litigation.

42. Like other members of the proposed class, plaintiffs have suffered pecuniary and on-pecuniary damages as a consequence of the discriminatory policy challenged herein.

V. **CAUSES OF ACTION**

43. Plaintiffs incorporate paras. 1-42 as if fully restated herein.

44. By adopting the policy referenced herein, defendant IBM violated the Age Discrimination in Employment Act, 29 U.S.C. sec. 621, et. Seq.

45. By adopting the policy referenced herein, defendant IBM violated section 296 of the Executive Law of the State of New York.

VI. **PRAYER FOR RELIEF**

WHEREFORE, plaintiffs pray that this Honorable Court:

1. Accepts jurisdiction over this action;

2. Certifies plaintiffs as class representatives;

3. Appoints plaintiffs' counsel as class counsel;

4. Vacates the severance agreements plaintiffs and other class members signed as against public policy;

5. Awards to plaintiffs and class members compensatory damages as permitted by law;

6. Awards to plaintiffs and against defendant punitive damages based upon the willful and wanton age discrimination in which defendant engaged;

7. Declares the policy challenged herein to be discriminatory and unlawful on the basis of age and enjoin defendants, its officers, agents, assigns, successors in officer and those acting in concert with them from implementing this policy or any like policy which discriminates against persons on the basis of their ages;

8. Award to plaintiffs' counsel the reasonable attorneys' fees and costs incurred in litigating this matter pursuant to 42 U.S.C. section 1988, and

9. Enter any other order which is required by law and/or equity.

Respectfully submitted,

MICHAEL H. SUSSMAN
SUSSMAN & WATKINS
PO BOX 1005
1 RAILROAD AVENUE
GOSHEN, NY 10924
(845)-294-3991

Dated: April 28, 2014