UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

<table>
<tr><td>

R. KEVIN RODRIGUEZ, JONATHAN
ROSENOER, BILL ELLMORE, MICHAEL
BUTERA, ALANNA ROBINSON-BAILEY,
KEVIN MONAGLE, DARIN CROSS,
DARRELL GOFF, DEBORAH YOUNG,
VIDYA SAGAR, CATHY CARNEY, PATRICK
O'BOYLE III, KAM REZVANI, RON
HOWELL, JASON PROCTOR, JONATHAN
URBAN,

                Plaintiffs,

   v.

INTERNATIONAL BUSINESS
MACHINES CORP.

            Defendant.

</td><td>

Civil Action No. 7:21-cv-09928-VB

</td></tr>
</table>

## ANSWER TO SECOND AMENDED COMPLAINT

Defendant International Business Machines Corporation ("IBM"), by and through its

undersigned counsel, hereby answers the Second Amended Complaint ("SAC") of Plaintiffs R.

Kevin Rodriguez, Jonathan Rosenoer, Bill Ellmore, Michael Butera, Alanna Robinson-Bailey,

Kevin Monagle, Darin Cross, Darrell Goff, Deborah Young, Vidya Sagar, Cathy Carney, Patrick

O'Boyle III, Kam Rezvani, Ron Howell, Jason Proctor, and Jonathan Urban (collectively

"Plaintiffs")[1] as follows:

---

[1] IBM notes that the following plaintiffs have been dismissed: Demone Abrams, Ignacio Angles, Hershel Bagley,
Christopher Britton, Robert Broughton, Alex Campos, Sonja Cardoso, Michael Carrubba, Carlos Castillo, Kenneth
Claflin, Joshua Fox, James Fyffe, Brad Gold, Piyush Gupta, Venkatapuram Govindarajan, Michael Matry, Nikhil
Patel, Heidi Pehrson, Philip Philippides, Dwayne Picou, HRH P. Michael Popa, Linda Reda, Gary Roberts, David
Roknian, Peter Toro, and Jeffrey Werner.  (Dkts. 35, 37, 43, 58, 59).

In response to the introductory paragraph, IBM admits that Plaintiffs purport to bring this case under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634. IBM denies all of the remaining allegations in the introductory paragraph of the SAC.

## I.    AS TO "SUMMARY OF ACTION"

1.      In response to Paragraph 1 and Exhibit A, IBM admits that the Equal Employment Opportunity Commission ("EEOC") issued a Letter of Determination ("LOD") on September 3, 2020. IBM states that the LOD resolved only certain individual charges of discrimination and found reasonable cause of age discrimination based solely on its investigation of those charges. Paragraph 1 purports to quote and summarize statements from the LOD, which speaks for itself. IBM denies that Plaintiffs accurately and/or completely summarize the document and denies the remaining allegations contained in Paragraph 1 of the SAC.

2.      Paragraph 2 purports to quote and summarize statements from the LOD, which speaks for itself. IBM denies that Plaintiffs accurately and/or completely characterize the findings of the EEOC and denies the remaining allegations contained in Paragraph 2 of the SAC.

3.      Paragraph 3 purports to quote and summarize statements from the LOD, which speaks for itself. IBM denies that Plaintiffs accurately and/or completely characterize the LOD and denies the remaining allegations contained in Paragraph 3 of the SAC.

4.      IBM denies the allegations contained in Paragraph 4 of the SAC.

5.      IBM denies the allegations contained in Paragraph 5 of the SAC.

6.      IBM denies the allegations contained in Paragraph 6 of the SAC.

7.      IBM admits that it has terminated workers both over and under the age of forty in the last six years. IBM denies the allegations contained in Paragraph 7 of the SAC.

## II.    AS TO "PARTIES"

8.      IBM admits that its records reflect that Plaintiff Rodriguez, when employed by

IBM, was a citizen of the United States and resided in Florida.  IBM admits that Plaintiff

Rodriguez was notified on or around May 19, 2016 that he would be laid off in a resource action,

and that Plaintiff Rodriguez's employment with IBM ended on or around August 17, 2016 when

he was 50 years old.  IBM further admits that Plaintiff Rodriguez applied to other positions at

IBM between his notification date and his termination date.  IBM lacks sufficient knowledge or

information to admit or deny Plaintiffs' allegations regarding Plaintiff Rodriguez's current

residence or what Plaintiff Rodriguez was told by unnamed persons about applying to other

positions and therefore denies those allegations.  IBM denies the remaining allegations contained

in Paragraph 8 of the SAC.

9.      IBM admits that its records reflect that Plaintiff Rosenoer, when employed by

IBM, was a citizen of the United States and resided in Connecticut, that he worked for IBM for 3

years, and that he received a master inventor badge.  IBM admits that Plaintiff Rosenoer was

selected for a resource action, that Plaintiff Rosenoer voluntarily left IBM prior to the planned

notification date, and that his employment ended on June 3, 2019.  IBM further admits that

Plaintiff Rosenoer applied for other positions at IBM in March and April 2019 and that he did

not obtain those positions.  IBM lacks sufficient knowledge or information to admit or deny

Plaintiffs' allegations regarding Plaintiff Rosenoer's current residence, whether Plaintiff

Rosenoer was interviewed by unnamed individuals for "several positions," and what Plaintiff

Rosenoer observed at the time he was applying for internal positions at IBM and therefore denies

those allegations.  IBM denies the remaining allegations contained in Paragraph 9 of the SAC.

10.     IBM admits that its records reflect that Plaintiff Ellmore, when employed by

IBM, was a citizen of the United States, that he was terminated when he was 53 years old, that

Plaintiff Ellmore was notified of his selection in a resource action in November 2018, and that

Plaintiff Ellmore worked for IBM for 22 years.  IBM lacks sufficient knowledge or information

to admit or deny Plaintiffs' allegations regarding Plaintiff Ellmore's current residence and therefore denies those allegations.  IBM denies the remaining allegations contained in Paragraph 10 of the SAC.

11.    IBM admits that its records reflect that Plaintiff Butera, when employed by IBM, was a citizen of the United States and resided in Florida, that Plaintiff Butera was terminated on November 30, 2015 when he was 46 years old due to his violation of company policy, and that Plaintiff Butera worked for IBM for 14 years.  IBM further admits that Plaintiff Butera appealed his termination and that Plaintiff Butera was told by phone that the appeal was denied.  IBM lacks sufficient knowledge or information to admit or deny Plaintiffs' allegations regarding Plaintiff Butera's current residence and therefore denies those allegations.  IBM denies that Plaintiff Butera was laid off in a resource action, denies that his termination was pretextual, and denies the remaining allegations contained in Paragraph 11 of the SAC.

12.    IBM admits that its records reflect that Plaintiff Robinson-Bailey, when employed by IBM, was a citizen of the United States and resided in Texas, that Plaintiff Robinson-Bailey worked for IBM for 22 years, that she was put on a performance improvement plan in September 2017, and that her employment ended on November 30, 2017.  IBM lacks sufficient knowledge or information to admit or deny Plaintiffs' allegations regarding Plaintiff Robinson-Bailey's current residence, regarding Plaintiff Robinson-Bailey's communications with unnamed colleagues, and regarding Plaintiff Robinson-Bailey's observations regarding other workers and therefore denies those allegations.  IBM denies that Plaintiffs accurately and/or completely summarize the circumstances of Plaintiff Robinson-Bailey's experience on the performance improvement plan or her termination.  IBM denies that Plaintiff Robinson-Bailey was laid off in a resource action, denies that her termination was wrongful, and denies the remaining allegations contained in Paragraph 12 of the SAC.

13.     IBM admits that its records reflect that Plaintiff Monagle, when employed by IBM, was a citizen of the United States and resided in Massachusetts, that Plaintiff Monagle was terminated when he was 52 years old on or around July 24, 2015, and that he worked for IBM for approximately 8 years.  IBM lacks sufficient knowledge or information to admit or deny Plaintiffs' allegations regarding Plaintiff Monagle's current residence, what Plaintiff Monagle was told at the time of his termination "by a manager within IBM" or by other unnamed persons, and Plaintiff Monagle's own observations, and therefore denies those allegations.  IBM denies that Plaintiff Monagle was laid off in a resource action, denies that his termination was pretextual, and denies the remaining allegations contained in Paragraph 13 of the SAC.

14.     IBM admits that its records reflect that Plaintiff Cross, when employed by IBM, was a citizen of the United States and resided in Ohio, that Plaintiff Cross was terminated when he was 49 years old, that Plaintiff Cross was notified that he was selected for a resource action, that Plaintiff Cross was terminated due to gross misconduct prior to his planned separation date, and that Plaintiff Cross's employment with IBM ended on July 23, 2019.  IBM lacks sufficient knowledge or information to admit or deny Plaintiffs' allegations regarding Plaintiff Cross's current residence and what Plaintiff Cross believes regarding his termination, and therefore denies those allegations.  IBM denies the remaining allegations contained in Paragraph 14 of the SAC.

15.     IBM admits that its records reflect that Plaintiff Goff, when employed by IBM, was a citizen of the United States and resided in Arkansas, that Plaintiff Goff worked for IBM for approximately 6 years, and that Plaintiff Goff was terminated when he was 47 years old.  IBM lacks sufficient knowledge or information to admit or deny Plaintiffs' allegations regarding Plaintiff Goff's current residence and what Plaintiff Goff believes about his termination and therefore denies those allegations.  IBM denies that Plaintiffs accurately and/or completely

summarize the circumstances of Plaintiff Goff's termination.  IBM denies that Plaintiff Goff was told he was being laid off as part of a resource action, denies that his termination was pretextual, and denies the remaining allegations contained in Paragraph 15 of the SAC.

16.     IBM admits that its records reflect that Plaintiff Young, when employed by IBM, was a citizen of the United States and resided in North Carolina, that Plaintiff Young was terminated when she was 59 years old, that Plaintiff Young was notified in March 2016 that she would be laid off as part of a resource action, that she separated from IBM on May 31, 2016, and that she worked for IBM for approximately 35 years.  IBM lacks sufficient knowledge or information to admit or deny Plaintiffs' allegations regarding Plaintiff Young's current residence and Plaintiff Young's observations and therefore denies those allegations.  IBM denies the remaining allegations contained in Paragraph 16 of the SAC.

17.     IBM admits that its records reflect that Plaintiff Sagar, when employed by IBM, was a citizen of the United States and resided in Georgia, that Plaintiff Sagar's employment with IBM ended on May 8, 2019, and that Plaintiff Sagar applied to positions at IBM after his termination.  IBM lacks sufficient knowledge or information to admit or deny Plaintiffs' allegations regarding Plaintiff Sagar's current residence, and what Plaintiff Sagar noticed at the time of his termination, and therefore denies those allegations.  IBM denies that Plaintiffs accurately and/or completely summarize the circumstances of Plaintiff Sagar's termination.  IBM denies that Plaintiff Sagar's termination was part of a resource action, and denies the remaining allegations contained in Paragraph 17 of the SAC.

18.     IBM admits that its records reflect that Plaintiff Carney, when employed by IBM, was a citizen of the United States and resided in Massachusetts and that she separated from IBM on November 30, 2017.  IBM lacks sufficient knowledge or information to admit or deny

Plaintiffs' allegations regarding Plaintiff Carney's current residence, what Plaintiff Carney was told at the time of her termination, and Plaintiff Carney's observations at the time of her termination, and therefore denies those allegations. IBM denies the remaining allegations contained in Paragraph 18 of the SAC.

19.     IBM admits that its records reflect that Plaintiff O'Boyle III, when employed by IBM, was a citizen of the United States and resided in Virginia, that Plaintiff O'Boyle worked for IBM for 6 years, that Plaintiff O'Boyle was in the 100% Club, that Plaintiff O'Boyle's employment with IBM ended when he was 59 years old, that Plaintiff O'Boyle's manager notified him that he was being terminated because Plaintiff O'Boyle's performance did not improve to the required level during his Performance Improvement Plan ("PIP"), and that Plaintiff O'Boyle separated from IBM on August 31, 2020. IBM admits that Patrick O'Boyle received an email in April 2020 that listed goals for Plaintiff O'Boyle and that Plaintiff O'Boyle's PIP contained goals that were in the email. IBM further admits that Plaintiff O'Boyle spoke with a Vice President, that she told Mr. O'Boyle that he did not meet his performance requirements, that Plaintiff O'Boyle asked to transfer to a different position, and that she told him that he could not transfer. IBM lacks sufficient knowledge or information to admit or deny Plaintiffs' allegations regarding Plaintiff O'Boyle's current residence or what Plaintiff O'Boyle observed at the time of his termination and therefore denies those allegations. IBM denies that Plaintiff O'Boyle was terminated in a resource action, and denies any remaining allegations contained in Paragraph 19 of the SAC.

20.     IBM admits that its records reflect that Plaintiff Rezvani, when employed by IBM, was a citizen of the United States and resided in California, that Plaintiff Rezvani worked for IBM for approximately 1.5 years, and that Plaintiff Rezvani was terminated on December 16, 2015 when he was 55 years old. IBM lacks sufficient knowledge or information to admit or

deny Plaintiffs' allegations regarding Plaintiff Rezvani's current residence and therefore denies those allegations.  IBM denies the remaining allegations contained in Paragraph 20 of the SAC.

21.     IBM admits that its records reflect that Plaintiff Howell, when employed by IBM, was a citizen of the United States and resided in North Carolina and that Plaintiff Howell separated from IBM on December 31, 2019 when he was 64 years old.  IBM further admits that Plaintiff Howell filed a written appeal regarding his termination, but IBM denies that Plaintiffs accurately and/or completely summarize the circumstances of Plaintiff Howell's termination.  IBM admits that Plaintiff Howell applied for the "Security Consultant – Infrastructure & Endpoint Security (IES)" position, and that his reason for not receiving the position was that he was not the most qualified for the position.  IBM lacks sufficient knowledge or information to admit or deny Plaintiffs' allegations regarding Plaintiff Howell's current residence and therefore denies those allegations.  IBM denies that Plaintiff Howell was terminated in a resource action, denies that his termination was pretextual, and denies the remaining allegations contained in Paragraph 21 of the SAC.

22.     IBM admits that its records reflect that Plaintiff Proctor, when employed by IBM, was a citizen of the United States and resided in Illinois, that Plaintiff Proctor worked for IBM for 2 years and that Plaintiff Proctor separated from IBM on November 15, 2019 when he was 47 years old.   IBM admits that Plaintiff Proctor applied to multiple positions within IBM before his termination, but IBM denies that Plaintiff Proctor was "denied without reason."  IBM lacks sufficient knowledge or information to admit or deny Plaintiffs' allegations regarding Plaintiff Proctor's current residence, what Plaintiff Proctor was told by unnamed persons regarding his termination, and Plaintiff Proctor's observations, and therefore denies those allegations.  IBM denies that Plaintiff Proctor was terminated in a resource action, and IBM denies any remaining allegations contained in Paragraph 22 of the SAC.

23.      IBM admits that its records reflect that Plaintiff Urban, when employed by IBM, was a citizen of the United States and that Plaintiff Urban was terminated when he was 48 years old on January 19, 2021 due to his own improperly claimed expenses and for improperly approving expenses for an IBM employee whom he managed.  IBM lacks sufficient knowledge or information to admit or deny Plaintiffs' allegations regarding Plaintiff Urban's current residence and therefore denies those allegations.  IBM denies that Plaintiff Urban was terminated as part of a resource action and denies any remaining allegations contained in Paragraph 23 of the SAC.

24.      IBM admits generally that it is a New York corporation with its headquarters in Armonk, New York, but clarifies that its registered entity name is "International Business Machines Corporation."  IBM admits that it appeared on the 2018 Fortune 500 rankings at number 34, which document speaks for itself.  IBM denies that Paragraph 24 provides a comprehensive or accurate representation of IBM's business or product offerings.  IBM denies the remaining allegations contained in Paragraph 24 of the SAC.

## III.   AS TO "JURISDICTION AND VENUE"

25.      IBM states that the allegations in Paragraph 25 of the SAC constitute legal conclusions that are not subject to admission or denial.  To the extent a response is required, IBM denies the allegations.  IBM admits that the Court has subject matter jurisdiction over this action.

26.      IBM denies the allegations contained in Paragraph 26 of the SAC.

27.      IBM admits generally that its headquarters is located in Armonk, Westchester County, New York.  IBM states that the remaining allegations in Paragraph 27 of the SAC constitute legal conclusions that are not subject to admission or denial.  IBM admits that venue is

proper in the Southern District of New York.

28.     IBM states that the allegations in Paragraph 28 of the SAC constitute legal conclusions that are not subject to admission or denial.  To the extent a response is required, IBM denies the allegations.  IBM denies the remaining allegations contained in Paragraph 28 of the SAC.

## IV.     AS TO "EXHAUSTION OF ADMINISTRATIVE REMEDIES"

29.     IBM admits that more than 50 former IBM employees filed charges of discrimination regarding their age with the EEOC between 2013 and 2018.  IBM denies the remaining allegations in Paragraph 29 of the SAC.

30.     IBM admits that a number of former employees who filed charges subsequently filed lawsuits.  IBM states that whether the charges asserted claims on a "class-wide basis" and asserted a "discriminatory pattern and practice" constitute legal conclusions that are not subject to admission or denial.  To the extent a response is required, IBM denies the allegations.  IBM denies the remaining allegations contained in Paragraph 30 of the SAC.

31.     IBM admits that Plaintiffs John McCormack, Mark Lingl, and Ron Shelton filed a class action complaint against IBM on May 5, 2014.  (Dkt. 67-2).  Paragraph 31 purports to summarize statements from the class action complaint, which speaks for itself.  (*Id.*).  IBM denies the remaining allegations contained in Paragraph 31 of the SAC.

32.     IBM admits that Margaret Ahlders filed a charge of discrimination with the EEOC on May 6, 2016, which speaks for itself.  IBM states that the allegations regarding whether the charge was a "class-based charge" constitute legal conclusions that are not subject to admission or denial.  To the extent a response is required, IBM denies the allegations.  IBM denies the remaining allegations contained in Paragraph 32 of the SAC.

33.     IBM admits that Margaret Ahlders signed an amended charge of discrimination with the EEOC on December 16, 2016.  Paragraph 33 purports to quote and summarize statements from the amended charge, which speaks for itself.  IBM denies the remaining allegations contained in Paragraph 33 of the SAC.

34.     IBM admits that Margaret Ahlders filed a court complaint and an individual arbitration demand, which speak for themselves.  IBM denies the remaining allegations contained in Paragraph 34 of the SAC.

35.     IBM admits that Cheryl Witmer filed a charge of discrimination with the EEOC, which was signed on November 8, 2016.  Paragraph 35 purports to summarize statements from the charge, which speaks for itself.  IBM admits that Ms. Witmer's charge was one of the charges consolidated into the LOD.  Paragraph 35 purports to summarize statements from the charge, which speaks for itself.  IBM states that the allegations regarding whether the charge was a "class-based charge" constitute legal conclusions that are not subject to admission or denial.  To the extent a response is required, IBM denies the allegations.  IBM denies the remaining allegations contained in Paragraph 35 of the SAC.

36.     IBM admits that Steven Estle filed a charge of discrimination with the EEOC, which was signed on November 10, 2016.  IBM admits that Mr. Estle's charge was one of the charges consolidated into the LOD.  Paragraph 36 purports to summarize statements from the charge, which speaks for itself.  IBM denies any remaining allegations contained in Paragraph 36 of the SAC.

37.     IBM admits that Lance Salonia filed a charge of discrimination with the EEOC, which was signed on November 28, 2016.  IBM admits that Mr. Salonia's charge was one of the charges consolidated into the LOD.  Paragraph 37 purports to summarize statements from the

charge, which speaks for itself.  IBM denies any remaining allegations contained in Paragraph 37 of the SAC.

38.    IBM admits that Gail Washbish separated from IBM in August 2016 and filed a charge of age discrimination with the EEOC.  IBM admits that Ms. Washbish's charge was one of the charges consolidated into the LOD.  Paragraph 38 purports to summarize statements from the charge, and from court filings in the *Washbish* matter and in the *Estle* matter, which speak for themselves.  IBM admits that the EEOC issued a Right-to-Sue letter to Ms. Washbish on July 19, 2021, which speaks for itself.  IBM states that the allegation regarding whether the charge was "timely" constitutes a legal conclusion that is not subject to admission or denial.  To the extent a response is required, IBM denies the allegations.   IBM denies any remaining allegations contained in Paragraph 38 of the SAC.

39.    IBM admits that Jonathan Langley filed a charge of discrimination with the EEOC.  Paragraph 39 of the SAC purports to summarize Mr. Langley's charge and the court complaint in the *Langley* matter, which speak for themselves.  IBM states that the allegation regarding whether the charge was "timely" constitutes a legal conclusion that is not subject to admission or denial.  To the extent a response is required, IBM denies the allegations.  IBM denies the remaining allegations contained in Paragraph 39 of the SAC.

40.    IBM admits that Edwin Rusis filed a charge of discrimination with the EEOC, which was signed on May 9, 2018, and that he filed a putative collective action complaint on September 17, 2018.  Paragraph 40 of the SAC purports to quote and summarize Mr. Rusis's charge and the court complaint in the *Rusis* matter, which speak for themselves.  IBM denies the remaining allegations contained in Paragraph 40 of the SAC.

41.    IBM admits that Robert Reineri filed a confidential arbitration demand on

January 17, 2019.  IBM states that the allegation regarding whether the demand was "timely" constitutes a legal conclusion that is not subject to admission or denial.  To the extent a response is required, IBM denies the allegations.  IBM denies the remaining allegations contained in Paragraph 41 of the SAC.

42.    IBM admits that Rosa Davidson was notified that she would be terminated on June 6, 2019, that her employment ended in September 2019, that she filed a charge of discrimination with the EEOC, and that she was a plaintiff in the *Kinney v. Int'l Bus. Machines Corp.* matter, which was filed on September 18, 2020.  Paragraph 42 purports to summarize Ms. Davidson's charge and the court complaint in the *Kinney* matter, which speak for themselves. IBM states that the allegation regarding whether the charge was "timely" constitutes a legal conclusion that is not subject to admission or denial.  To the extent a response is required, IBM denies the allegations.  IBM denies the remaining allegations in Paragraph 42 of the SAC.

43.    IBM admits that the EEOC conducted an investigation in which the EEOC examined certain individual charges of discrimination and that the LOD found reasonable cause of age discrimination based solely on its investigation of those charges and the resource actions that impacted those individuals. Paragraph 43 of the SAC purports to quote and summarize statements from the LOD, which speaks for itself.  IBM denies that Plaintiffs accurately and/or completely summarize the LOD.  IBM denies the remaining allegations contained in Paragraph 43 of the SAC.

44.    IBM denies the allegations contained in Paragraph 44 of the SAC.

45.    Paragraph 45 of the SAC purports to quote and summarize the LOD, which speaks for itself.  IBM denies that Plaintiffs accurately and/or completely summarize the LOD. IBM denies the remaining allegations contained in Paragraph 45 of the SAC.

46.     IBM lacks knowledge and information regarding whether the EEOC issued a Right-to-Sue to an unnamed person on August 27, 2021, and therefore denies those allegations. IBM denies the remaining allegations contained in Paragraph 46 of the SAC.

47.     IBM denies all the factual allegations contained in Paragraph 47 of the SAC. Paragraph 47 of the SAC purports to quote and summarize the opinion in *Tolliver v. Xerox Corp.*, 918 F.2d 1052 (2d Cir. 1990), which speaks for itself.  IBM states that the allegations in Paragraph 47 of the SAC regarding whether Plaintiffs are permitted to "piggyback" constitute legal conclusions that are not subject to admission or denial.  To the extent a response is required, IBM denies the allegations.  IBM denies any remaining allegations contained in Paragraph 47 of the SAC.

48.     IBM admits that lawsuits have been filed by former IBM employees who first filed EEOC charges and that confidential arbitration demands have been filed.  IBM denies the remaining allegations contained in Paragraph 48 of the SAC.

49.     IBM states that the allegations in Paragraph 49 of the SAC constitute legal conclusions that are not subject to admission or denial.  To the extent a response is required, IBM denies the allegations.

**V.     AS TO "ALLEGATIONS"[2]**

50.     IBM denies the allegations contained in Paragraph 50.

51.     IBM denies the allegations contained in Paragraph 51.

52.     IBM states that 18 years ago, IBM Business Consulting Services' Human

---

[2] In response to footnote 1 of the SAC, IBM incorporates by reference its Partial Answer to the *Kinney* complaint, filed at *Kinney v. Int'l Bus. Machs. Corp.*, No. 1:20-cv-00969, Dkt. 12 at ¶¶ 26-33 (W.D. Tex. Oct. 23, 2020).  IBM denies that the referenced allegations in the Kinney complaint constitute "[a]dditional factual allegations regarding IBM's discriminatory corporate scheme, which affected the Plaintiffs here[.]"  IBM denies all remaining allegations in footnote 1 of the SAC.

Capital Management group, which at the time provided human resources-related consulting services to IBM business customers, published in 2006 a document titled "The Maturing Workforce, Innovation in Workforce Enablement," which speaks for itself. IBM denies that the article related in any way to IBM's workforce, denies that Paragraph 52 of the SAC accurately describes the article and denies the remaining allegations contained in footnote 2 and Paragraph 52 of the SAC.

53.    IBM denies the allegations contained in Paragraph 53 of the SAC.

54.    IBM admits that Paragraph 54 of the SAC purports to quote and summarize an article in ProPublica authored by Peter Gosselin and Ariana Tobin in March 2018 and an article in the Marketing Journal from 2016 titled "Marketing and the Millennial Mindset," both of which speak for themselves. IBM denies that Plaintiffs accurately and/or completely quote and summarize the articles. IBM further denies any allegations or suggestions within the articles that IBM was engaged in discrimination based on age or was biased against employees based on age. IBM denies the remaining allegations contained in footnote 3 and Paragraph 54 of the SAC.

55.    IBM states that it hosted a conference for customers and business partners titled, "Reinvention in the Age of the Millennial" on December 10, 2014, and that the blog post cited by Plaintiffs in footnote 4 discussed the conference and speaks for itself. IBM denies the remaining allegations in Paragraph 55 of the SAC, including any allegation of age-based animus on the part of IBM toward its employees.

56.    IBM denies the allegations in footnote 5 and Paragraph 56 of the SAC.

57.    IBM states that an article entitled "IBM's new team to focus on millennials," appeared in a newspaper in India in 2016 and states that the article speaks for itself. IBM denies that Plaintiffs accurately and/or completely quote and summarize the article and denies the

article's characterizations of IBM.  IBM denies the remaining allegations in footnote 6 and

Paragraph 57 of the SAC.

58.     IBM denies the allegations in Paragraph 58 of the SAC.

59.     IBM states that Paragraph 59 appears to quote and summarize an article from

ProPublica, which speaks for itself.   IBM denies that the characterizations in the article are

accurate and denies the remaining allegations in Paragraph 59 of the SAC.

60.     IBM states that Paragraph 60 appears to quote and summarize an article from

ProPublica, which speaks for itself.  IBM denies that the characterizations in the article are

accurate and denies the remaining allegations in Paragraph 60 of the SAC

61.     Paragraph 61 purports to quote from and summarize the LOD, which speaks for

itself.  IBM denies that Plaintiffs accurately and/or completely summarize the LOD.  IBM denies

the remaining allegations in Paragraph 61 of the SAC.

62.     IBM admits that it has terminated workers both over and under the age of forty in

the last six years.  IBM denies the remaining allegations contained in Paragraph 62 of the SAC.

63.     IBM denies the allegations contained in Paragraph 63 of the SAC.

64.     Paragraph 64 purports to quote from and summarize the LOD, which speaks for

itself.  IBM denies that Plaintiffs accurately and/or completely summarize the LOD.  IBM denies

the remaining allegations in Paragraph 64 of the SAC.

65.     At certain times, IBM admits that its performance scores were on a scale of 1 to 4,

with 1 being the highest score and 4 being the lowest score.  IBM denies the remaining

allegations in Paragraph 65 of the SAC, and specifically denies Plaintiffs' allegations of age

discrimination.

66.     IBM denies the allegations contained in Paragraph 66 of the SAC.

67.     IBM denies the allegations contained in Paragraph 67 of the SAC.

68.     IBM denies the allegations contained in Paragraph 68 of the SAC.

69.     IBM denies the allegations contained in Paragraph 69 of the SAC.

70.     IBM denies the allegations contained in Paragraph 70 of the SAC.

71.     Paragraph 71 purports to quote and summarize from an order in a matter
captioned *Langley v. IBM*, No. 18-cv-00443 (W.D. Tex. Feb. 28, 2020), which speaks for itself.
IBM denies that Plaintiffs accurately and/or completely characterize the ruling in *Langley*.  IBM
denies the remaining allegations contained in Paragraph 71 of the SAC, including any allegation
that it engaged in age-based decision-making.

72.     IBM denies that the quoted and/or summarized material appears at ECF Dkt. 211
in the *Langley* matter, and denies that Paragraph 72 accurately and/or completely summarizes the
court's findings in the *Langley* matter.  IBM denies the remaining allegations contained in
Paragraph 72 of the SAC.

73.     Paragraph 73 purports to quote and summarize from an opinion in the *Langley*
matter, which speaks for itself.  IBM denies that Plaintiffs accurately and/or completely
characterize the ruling in *Langley*.  IBM denies the remaining allegations in Paragraph 73 of the
SAC.

74.     Paragraph 74 purports to quote from and summarize a report and recommendation
in the *Langley* matter, which speaks for itself.  IBM denies that Plaintiffs accurately and/or
completely characterize the report and recommendation in *Langley*.  IBM denies the remaining
allegations in Paragraph 74 of the SAC.

75.     Paragraph 75 purports to quote from and summarize a report and recommendation
in the *Langley* matter, which speaks for itself.  IBM denies that Plaintiffs accurately and/or

completely characterize the report and recommendation in *Langley*.  IBM denies the remaining allegations in Paragraph 75 of the SAC.

76.     Paragraph 76 purports to quote from and summarize an opinion in the *Langley* matter, which speaks for itself.  IBM denies that Plaintiffs accurately and completely characterize the ruling in *Langley*.  IBM denies the remaining allegations in Paragraph 76 of the SAC.

77.     Paragraph 77 purports to quote from and summarize an opinion in a matter captioned *Lohnn v. IBM*, 2022 WL 36420 (S.D.N.Y. Jan. 4, 2022), which speaks for itself.  IBM denies that Plaintiffs accurately and/or completely summarize the opinion.  IBM denies the remaining allegations in Paragraph 77 of the SAC.

78.     IBM states that allegations contained in Paragraph 78 of the SAC contain legal conclusions not subject to admission or denial; to the extent a response is required, IBM denies the allegations contained in Paragraph 78 of the SAC, including any allegation that the documents suggest any age-based animus on the part of IBM toward its employees.

79.     Paragraph 79 purports to quote from and summarize plaintiff's reply brief filed in support of his motion to vacate an arbitration award entered in IBM's favor in a matter captioned *Laudig v. International Business Machines Corp.*, No. 1:21-cv-05033-AT (N.D. Ga.) ("*Laudig*"). The reply brief reflects Laudig's counsel's characterizations of certain documents, which do not accurately characterize the underlying documents.  IBM denies that either Plaintiffs' or Laudig's counsel's characterizations of the documents are complete or accurate.  IBM denies the remaining allegations in Paragraph 79 of the SAC, including any allegation that the documents suggested any age-based animus on the part of IBM toward its employees.

80.     Paragraph 80 purports to quote from and summarize plaintiff's reply brief filed in

support of his motion to vacate an arbitration award entered in IBM's favor in the *Laudig* matter. The reply brief reflects Laudig's counsel's characterizations of certain documents, which do not accurately characterize the underlying documents. IBM denies that either Plaintiffs' or Laudig's counsel's characterizations of the documents are complete or accurate. IBM denies the remaining allegations in Paragraph 80 of the SAC, including any allegation that the documents suggested any age-based animus on the part of IBM toward its employees.

81.     Paragraph 81 purports to quote from and summarize plaintiff's reply brief filed in support of his motion to vacate an arbitration award entered in IBM's favor in the *Laudig* matter. The reply brief reflects Laudig's counsel's characterizations of certain documents, which do not accurately characterize the underlying documents. IBM denies that either Plaintiffs' or Laudig's counsel's characterizations of the documents are complete or accurate. IBM denies the remaining allegations in Paragraph 81 of the SAC, including any allegation that the documents suggested any age-based animus on the part of IBM toward its employees.

82.     Paragraph 82 purports to quote from and summarize plaintiff's reply brief filed in support of his motion to vacate an arbitration award entered in IBM's favor in the *Laudig* matter. The reply brief reflects Laudig's counsel's characterizations of certain documents, which do not accurately characterize the underlying documents. IBM denies that either Plaintiffs' or Laudig's counsel's characterizations of the documents are complete or accurate. IBM denies the remaining allegations in Paragraph 82 of the SAC, including any allegation that the documents suggested any age-based animus on the part of IBM toward its employees.

83.     Paragraph 83 purports to quote from and summarize plaintiff's reply brief filed in support of his motion to vacate an arbitration award entered in IBM's favor in the *Laudig* matter. The reply brief reflects Laudig's counsel's characterizations of certain documents, which do not

accurately characterize the underlying documents.  IBM denies that either Plaintiffs' or Laudig's counsel's characterizations of the documents are complete or accurate.  IBM denies the remaining allegations in Paragraph 83 of the SAC, including any allegation that the documents suggested any age-based animus on the part of IBM toward its employees.

84.     Paragraph 84 purports to quote from and summarize plaintiff's reply brief filed in support of his motion to vacate an arbitration award entered in IBM's favor in the *Laudig* matter. The reply brief reflects Laudig's counsel's characterizations of certain documents, which do not accurately characterize the underlying documents.  IBM denies that either Plaintiffs' or Laudig's counsel's characterizations of the documents are complete or accurate.  IBM denies the remaining allegations in Paragraph 84 of the SAC, including any allegation that the documents suggested any age-based animus on the part of IBM toward its employees.

85.     Paragraph 85 purports to quote from and summarize plaintiff's reply brief filed in support of his motion to vacate an arbitration award entered in IBM's favor in the *Laudig* matter. The reply brief reflects Laudig's counsel's characterizations of certain documents, which do not accurately characterize the underlying documents.  IBM denies that either Plaintiffs' or Laudig's counsel's characterizations of the documents are complete or accurate.  IBM denies the remaining allegations in Paragraph 85 of the SAC, including any allegation that the documents suggested any age-based animus on the part of IBM toward its employees.

86.     Paragraph 86 purports to quote from and summarize plaintiff's reply brief filed in support of his motion to vacate an arbitration award entered in IBM's favor in the *Laudig* matter. The reply brief reflects Laudig's counsel's characterizations of certain documents, which do not accurately characterize the underlying documents.  IBM denies that either Plaintiffs' or Laudig's counsel's characterizations of the documents are complete or accurate.  IBM denies the

remaining allegations in Paragraph 86 of the SAC, including any allegation that the documents suggested any age-based animus on the part of IBM toward its employees.

87.     Paragraph 87 purports to quote from and summarize plaintiff's reply brief filed in support of his motion to vacate an arbitration award entered in IBM's favor in the *Laudig* matter. The reply brief reflects Laudig's counsel's characterizations of certain documents, which do not accurately characterize the underlying documents. IBM denies that either Plaintiffs' or Laudig's counsel's characterizations of the documents are complete or accurate. IBM denies the remaining allegations in Paragraph 87 of the SAC, including any allegation that the documents suggested any age-based animus on the part of IBM toward its employees.

88.     Paragraph 88 purports to quote from and summarize plaintiff's reply brief filed in support of his motion to vacate an arbitration award entered in IBM's favor in the *Laudig* matter. The reply brief reflects Laudig's counsel's characterizations of certain documents, which do not accurately characterize the underlying documents. IBM denies that either Plaintiffs' or Laudig's counsel's characterizations of the documents are complete or accurate. IBM denies the remaining allegations in Paragraph 88 of the SAC, including any allegation that the documents suggested any age-based animus on the part of IBM toward its employees.

## VI.    AS TO "CAUSES OF ACTION"

### A.    As to "CLAIM FOR RELIEF" under the "Age Discrimination in Employment Act, 29 U.S.C. Sections 621-634 (on Behalf of All Plaintiffs Against Defendant"

89.     IBM incorporates by reference and restates its responses to the allegations set forth in the foregoing Paragraphs as if fully set forth herein.

90.     IBM denies the allegations contained in Paragraph 90 of the SAC.

91.     IBM denies the allegations contained in Paragraph 91 of the SAC.

92.     IBM denies the allegations contained in Paragraph 92 of the SAC.

93.     IBM denies the allegations contained in Paragraph 93 of the SAC.

## VII.   AS TO "PRAYER FOR RELIEF"

IBM denies that Plaintiffs are entitled to the relief requested in the Prayer for Relief in the SAC or to any relief whatsoever.  IBM denies each and every allegation in the Prayer for Relief section, including the "Wherefore" clause and in Paragraphs (a) through (j) thereunder.

IBM denies each and every allegation in the SAC, including any allegations contained in any headings of the SAC, that it does not specifically admit in this Answer.

## DEFENSES

IBM asserts the following separate and independent affirmative and other defenses to the SAC, without assuming the burden of proof where such burden is otherwise on Plaintiffs pursuant to applicable substantive or procedural law.

## FIRST DEFENSE:

Any Plaintiff who has released some or all of his or her claims against IBM is not entitled to recovery, consistent with the terms of any such releases.

## SECOND DEFENSE:

Any Plaintiff who has agreed to arbitrate some or all of his or her claims against IBM is not entitled to participate in this action, consistent with the terms of any such arbitration agreement.

## THIRD DEFENSE:

Plaintiffs fail, in whole or in part, to state claims upon which relief can be granted.

## FOURTH DEFENSE:

Plaintiffs' claims fail, in whole or in part, to the extent barred by the applicable statutes of limitations.

## FIFTH DEFENSE:

Plaintiffs' claims are barred, in whole or in part, to the extent that the requested relief is not available under the statutes pursuant to which Plaintiffs seek relief.

## SIXTH DEFENSE:

Plaintiffs' claims are barred, in whole or in part, by their respective failures to exhaust administrative remedies as required under the ADEA, 29 U.S.C. §621 , et seq, and/or state law.

## SEVENTH DEFENSE:

Plaintiffs' claims are barred, in whole or in part, to the extent any Plaintiff has failed to comply with the conditions precedent and/or judicial prerequisites to the filing of an action under the ADEA and/or state law.

## EIGHTH DEFENSE:

One or more Plaintiffs cannot piggyback on the charge of any other individual.

## NINTH DEFENSE:

To the extent that Plaintiffs were not reasonably within the scope of the charge filed by any individual with the Equal Employment Opportunity Commission or a state or local agency, the Court lacks jurisdiction with respect to any such matters and/or otherwise cannot proceed to adjudicate any such matters.

## TENTH DEFENSE:

IBM had legitimate, non-discriminatory business reasons for any actions taken with respect to Plaintiffs, and these reasons were not pretextual.

## ELEVENTH DEFENSE:

IBM had in place one or more policies to prevent age discrimination and made good-faith efforts to implement and enforce that policy.

## TWELFTH DEFENSE:

Plaintiffs' claims are barred, or should be reduced, to the extent any of them failed to avoid harm that could have been avoided with reasonable effort. IBM at all material times had a suitable anti-discrimination policy in effect and exercised reasonable care to prevent all discrimination. Plaintiffs' claims are barred because they unreasonably failed to take advantage of preventative and corrective opportunities provided by IBM.

## THIRTEENTH DEFENSE:

IBM acted in good-faith and engaged in no willful misconduct towards Plaintiffs.

## FOURTEENTH DEFENSE:

IBM is not responsible for any conduct of its employees or agents taken outside the scope of their responsibility.

## FIFTEENTH DEFENSE:

Plaintiffs' claims are barred, in whole or in part, because any allegedly adverse action was based on one or more reasonable factors other than age.

## SIXTEENTH DEFENSE:

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs or such individuals failed to mitigate or make reasonable efforts to mitigate their alleged damages, the entitlement to which IBM expressly denies.

## SEVENTEENTH DEFENSE:

Some or all of Plaintiffs' alleged damages are speculative, inappropriate under the facts of this action, and/or unavailable as a matter of law.

## EIGHTEENTH DEFENSE:

Any award of liquidated damages against IBM in this action would be barred to the extent that it violates the due process and equal protection provisions of the United States and applicable state Constitutions.

## NINETEENTH DEFENSE:

IBM is entitled to a set-off credit against Plaintiffs' alleged damages, if any, for any such amounts received from other sources.

## TWENTIETH DEFENSE:

Plaintiffs' alleged lost wages are limited to the extent that IBM discovers, during the course of this case, after-acquired evidence that would have supported dismissal for reasons independent and exclusive of those that led to their separation.

## TWENTY-FIRST DEFENSE:

All actions taken by IBM with respect to Plaintiffs would have taken place notwithstanding Plaintiffs' age.

## TWENTY-SECOND DEFENSE:

Plaintiffs lack standing to seek injunctive relief because they are no longer employed by IBM.

## TWENTY-THIRD DEFENSE:

Plaintiffs' claims for equitable or other relief are barred because Plaintiffs have an adequate and complete remedy at law.

## TWENTY-FOURTH DEFENSE:

Some or all of Plaintiffs' claims are barred by laches and/or waiver.

## TWENTY-FIFTH DEFENSE:

Some or all of Plaintiffs' claims for relief are barred because of unclean hands.

**TWENTY-SIXTH DEFENSE:**

The claims of Plaintiffs are barred, in whole or in part, because some or all of the

Plaintiffs lack standing to seek, or are estopped from seeking, some or all of the requested relief.

**TWENTY-SEVENTH DEFENSE:**

There is a misjoinder of Plaintiffs in this action, and each Plaintiff's claims should be

severed and tried separately.

IBM presently has insufficient knowledge or information as to whether it may have

additional, yet unasserted defenses. IBM therefore reserves the right to assert additional

defenses, including affirmative defenses, in the event discovery or further proceedings indicate

such additional defenses would be appropriate.

Dated: April 24, 2024
      New York, New York

                                    JONES DAY

                                    */s/ Matthew W. Lampe*
                                    Matthew W. Lampe
                                    Kristina A. Yost
                                    Erika D. Cagney
                                    Ira Handa
                                    Jones Day
                                    250 Vesey Street
                                    New York, NY 10281
                                    Tel: 212.326.3939
                                    Fax: 212.755.7306
                                    mwlampe@jonesday.com
                                    kyost@jonesday.com
                                    ecagney@jonesday.com
                                    ihanda@jonesday.com

Craig S. Friedman
Jones Day
1221 Peachtree Street, N.E.
Suite 400
Atlanta, GA 30361
Tel: 404.521.3939
Fax: 404.581.8330
csfriedman@jonesday.com


*Attorneys for Defendant*
*International Business Machines Corporation*